IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, vs. BRUCE LEE DUNN, ET AL., Defendants. | ORDER ON MOTIONS IN LIMINE Case No. 2:99-CV-145 TS TS |

This matter is before the Court on the following Motions in Limine: (A) Dunn and Pannier Defendants' Motion to Strike Plaintiff's Designation of Expert,[1] (B) Jacobsen Defendants' Motion to Exclude Witnesses and Proposed Testimony,[2] and (C) Government's Motion to Exclude the Jacobsen Defendants' Exhibits TT and WW,[3] (D) Government's Motion to Exclude Dunn Defendants' Exhibit A,[4] (E) Government's Motion to Exclude Jacobsen

---

[1]Docket No. 183.

[2]Docket No. 189.

[3]Docket No. 194.

[4]Docket No. 197.

1

Defendants' Exhibits AA-EE; UU-VV,[5] (F) Government's Motion to Exclude Jacobsen Defendants' Exhibits FF to SS,[6] (G) Government's Motion to Exclude Dunn Defendant's Exhibits B-J, L-S.[7]

   *A. Dunn/Pannier Defendants' Motion to Strike Plaintiff's Designation of Expert*

Defendants Bruce Dunn, Richard Dunn, Helen Dunn, Gladys Butler, Lazy CP Limited Partnership, Clyde Pannier, and Joanne Granger (the "Dunn and Pannier Defendants") move to strike the designation David W. Moore ("Moore") as expert and/or to exclude him from testifying.  The Dunn and Pannier Defendants argue that: (1) because Moore was designated as a witness on March 23, 2007, Defendants are prejudiced, and (2) Moore's opinion and expert report improperly go to the ultimate issues within the province of the trier of fact.[8]

Plaintiff first responds that Defendants are not prejudiced by the late designation because: Plaintiff originally identified Plaintiff as an expert in this action, defense counsel previously has been given abstracts by Moore relating to the case, defense counsel has declined an opportunity to depose Moore on the report, and because Moore's report is "clearly self-explanatory."

Plaintiff also argues that Defendants' claim that Moore's opinion improperly goes to the ultimate issues is without merit.  Plaintiff argues that Fed. R. Evid. 704(a) allows experts to address "an ultimate issue to be decided by the trier of fact."  Plaintiff has provided Moore's

---

   [5]Docket No. 201.

   [6]Docket No. 203.

   [7]Docket No. 205.

   [8]Defendants cite *Specht v. Jensen*, 853 F.2d 805 (10th Cir. 1988) in support of this proposition.

report to the Court and points out that Moore's opinion addresses the factual issues in this case of how the deeds at issue should be construed by a title insurer.

The Court declines to strike Moore's expert testimony in this action. While the designation of Moore as an expert in this case is somewhat late in this action, Defendants have simply not convinced the Court that allowing Moore's testimony would by unduly prejudicial. By the date of trial, Defendants will have had over three weeks to address the relatively straightforward issues for which Plaintiff presents Moore's testimony. Furthermore, it appears as though Defendants should have some familiarity with Moore. For example, Mr. Moore was originally identified by Plaintiff as an expert in this action, and Defense counsel has been given various abstracts by Mr. Moore during the litigation, and has also referred to Mr. Moore in response to discovery requests.

Finally, the Court notes no impropriety in the substance of Moore's testimony.[9] The proposed testimony appears consistent with Fed. R. Evid. 704(a). Therefore, the Court DENIES Defendants' Motion.

*B. Jacobsen Defendants' Motion to Exclude Witnesses and Proposed Testimony*

Defendants Stephen C. Jacobsen, Charlyn J. Dalebaout, Paul A. Mancina, Jr. Helen L. Watts, John A. Watts, Hilda M. Hammond, Robert G. Hammond, David R. Gunderson, and Gayle L. Hunting (the "Jacobsen Defendants") also move to exclude the testimony of Moore. However, the Jacobsen Defendants argue that Plaintiff's nondisclosure—or failure to set forth in initial disclosures—of Moore merits exclusion of his testimony under Fed. R. Civ. P. 26(a)(1)

---

[9]The Court also notes that the case of *Specht v. Jensen*, is clearly distinguishable from the instant action inasfar as that case involved an attorney expert testifying to a jury on legal conclusions relating to warrantless search. 853 F.2d at 807-08.

because such nondisclosure is not harmless.  More specifically, the Jacobsen Defendants argue that the nondisclosure has hindered Defendants' ability to prepare for trial, especially as such preparation would relate to the substance of Moore's testimony.  Defendants also move to exclude the testimony of ten witnesses on the Government's "may call" list on the same grounds.

Plaintiff argues that Fed. R. Civ. P. 26(a)(1) only applies to fact witnesses, not experts.  Next, Plaintiff argues that it is Fed. R. Civ. P. 26(a)(3) which applies here, that the rule sets forth that unless "otherwise directed by the court, these disclosures must be made at least 30 days before trial," and that Plaintiff met that deadline.  Plaintiff also argues that Defendants will not be prejudiced by Moore's testimony.  Plaintiff emphasizes that Defendants have not asked for any depositions in this action, and have not served any interrogatories on Plaintiff.  Plaintiff contends that Defendants have not taken advantage of an offer to depose Moore.  Plaintiff also states that Moore's expert report is complete and straightforward.  The Court notes that Plaintiff does not make any response that relates to the "may call" witnesses, other than that it only recently identified them, and that it anticipates that few will actually be called.

Fed. R. Civ. P. 26(e) clearly requires supplementation of initial disclosures "at appropriate intervals."  Moreover, "*[i]n addition* to [these] disclosures"[10] a party must disclose expert testimony "at least 90 days before the trial date."[11]  Finally, a party must make additional pretrial disclosures pursuant to Rule 26(a)(3).  It is clear that Plaintiff has not met the

---

[10] Fed. R. Civ. P. 26(a)(2)(A) (emphasis added).

[11] *Id*. at 26(a)(2)(C).  Exception lies when the "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party . . . within 30 days after the disclosure made by the other party."  *Id.*

requirements of Rule 26 as set forth above, either with respect to Moore, or the ten identified "may call" witnesses. However, Fed. R. Civ. P. 37(c) permits a district court to refuse to strike testimony if failure to disclose is harmless.

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court."[12] However, "the court should consider the following factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."[13]

The Court finds that any nondisclosure is harmless as it relates to Moore. Defendant asserts prejudice in only conclusory terms, and, as discussed in more detail above as to Dunn/Pannier Defendants' Motion to Strike Plaintiff's Designation of Expert, Defendants should not be surprised or prejudiced by Moore's testimony.[14] Plaintiff has mitigated any prejudice or surprise by providing a timely and complete expert report to Defendants as per Rule 26(a)(3). The expert report is succinct and addresses a narrow and straightforward issue. Defendants have rejected an offer to depose Moore. Introducing Moore's testimony would not disrupt trial. There are no allegations of bad faith or willfulness. Accordingly, the Court DENIES Defendants' Motion as it relates to Moore.

---

[12]*Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002).

[13]*Id.*

[14]*See supra*, text preceding note 9.

The Court finds that the nondisclosure is not harmless as it relates to the ten disputed "may call" witnesses. Plaintiff fails to identify how Defendants should be familiar with the witnesses. Therefore, Defendants are rightly surprised or prejudiced by their designation. Plaintiff's offer to call few of the witnesses does not adequately cure the prejudice. Such testimony is likely to disrupt the trial. While there is no indication of bad faith, this factor is not dispositive. The Court, therefore, GRANTS Defendants' Motion as it relates to the ten "may" call" witnesses at issue.

*C. Government's Motion to Exclude the Jacobsen Defendants' Exhibits TT and WW*

Plaintiff moves to exclude the Jacobsen Defendants' Exhibits TT and WW under Fed. R. Evid. 1004's best evidence rule.[15] Plaintiff asserts that an accurate duplicate of the 1927 deed will be introduced into evidence at trial. Plaintiff also argues that Exhibit WW contains neither the originals nor accurate duplicates of the deeds represented therein. Finally, Plaintiff argues that Exhibit TT is irrelevant because it concerns lands outside the specific lands at issue in this trial.

Defendants argue that Exhibit TT is not being offered to prove the contents of the 1927 Madsen Deed, but rather, "to demonstrate the ambiguity that exists in the 1927 deeds and that reasonable minds . . . can reach the conclusion that the 1927 deeds conveyed a use right to Defendants." Defendants further argue that the Exhibit TT is admissible parol evidence relevant

---

[15] Exhibit TT is an "abstracted version of the 1927 Madsen Deed." Exhibit WW is a complete copy of the Abstract of Title prepared by the Carbon County, Co., J.W. Hammond, Jr., dated September 15, 1971, and describes the conveyances and recorded documents from October 15, 1907 through April 29, 1971.

to the parties' intent in agreeing to the 1927 Madsen Deed and E.B. Jorgensen's intent in drafting the language of the other 1927 deeds.  Finally, Defendants argue that Exhibit WW is offered, not to prove the content of the 1927 deeds, but to demonstrate the actions by Defendants' predecessors from 1927 through 1971, given their belief that they owned the Scofield Reservoir Property.

Fed. R. Evid. 1004 states that "[t]o prove the content of a writing . . . the original writing . . . is required."  The Court finds that, because Defendants do not intend to offer either Exhibit TT or WW to prove the content of the 1927 Madsen or any other deed, the best evidence rule does not apply.

While Exhibit TT does address lands outside those currently in dispute, it may bear on the interpretation of the 1927 Madsen Deed.  Accordingly, the Court will determine the precise relevance and admissibility of the Exhibit at trial in the context for which it is offered.  Plaintiff's Motion is DENIED.

   *D.  Government's Motion to Exclude Dunn Defendants' Exhibit A*

Plaintiff moves to exclude the Dunn Defendants' Exhibit A upon the grounds that it was never provided to Plaintiff.  Exhibit A is a Parley R. Neeley letter dated January 14, 1944.  Plaintiff further states that Defendants did not respond to inquiries regarding the exhibit.

Defendants respond that the reference to Plaintiff's bates stamp number was inadvertently left off of Exhibit A.  Defendant states that reference was made to the letter in a letter to counsel for Plaintiff sent November 11, 2003, in which the letter was described and the relevant language

was quoted in full.  Finally, Defendant states that copies were provided to Plaintiff on April 17, 2007.  Plaintiff's Motion is DENIED.

   *E.  Government's Motion to Exclude Jacobsen Defendants' Exhibits AA-EE; UU-VV*

   Plaintiff moves to exclude the Jacobsen Defendants' Exhibits AA-EE and UU-VV upon the grounds that they are irrelevant and violate the parol evidence rule.  Plaintiff also seeks to exclude Exhibits AA and VV as hearsay.  Plaintiff argues that the parol evidence rule bars the exhibits because they contradict the plain language of the deed or are offered to demonstrate that the deed language is ambiguous.

   Without repeating the specific opposing arguments set forth by Defendants, the Court notes that the 1927 Madsen Deed is not currently before it,[16] and that this Court cannot use the parol evidence rule to bar exhibits that contradict the plain language of a deed that it has never seen.  As should be apparent, to date, this Court has held that the 1927 Madsen Deed is ambiguous, and that is why we have proceeded to this stage.  The Court further finds that the Exhibits are relevant to the issue of resolving the abovementioned ambiguity.

   Moreover, the Court finds that Exhibit AA is an exception to hearsay under Fed. R. Evid. 803(13), and that Exhibit VV may avoid a double hearsay problem as the statement referred to therein may be an admission by a party-opponent under Rule 801(d)(2), and the record itself may be of regularly conducted activity under Rule 803(6), provided that the proper foundation and prerequisites to those rules are set forth at trial.  Plaintiff's Motion is DENIED.

---

[16]Further, the Court notes from its January 4, 2006 Order in this case, Docket No. 145: "The 1927 Madsen Deed, at least in the only recorded and presently known abstract form . . . ."

*F.  Government's Motion to Exclude Jacobsen Defendants' Exhibits FF to SS*

Plaintiff moves to exclude the Jacobsen Defendants' Exhibits FF to SS on the grounds that they are irrelevant and violate the parol evidence rule.  Exhibits FF to SS are copies of the Complaint for Writ of Mandamus—filed on behalf of Defendant Paul Mancina, copies of Defendants' applications under the Color of Title Act, and copies of correspondence between Defendants' counsel and the Department of the Interior.  Plaintiff argues that the exhibits deal with Color of Title Act claims never brought before this Court, and are therefore irrelevant.  Plaintiff also repeats its parol evidence rule argument, as set forth in more detail above.

Defendants reply that the Exhibits are relevant to show action taken by Defendants to secure rights in the disputed property, pay taxes on the property, conduct of the parties based on their belief of ownership, and Plaintiff's uncertainty regarding the Color of Title Act claim.

The Court agrees with Plaintiff here.  To the extent that Defendants seek to introduce documents filed in other proceedings, these documents—Exhibits FF to SS—are irrelevant.  However, the Court will allow live testimony, including that which deals with the contents of Exhibits FF to SS, inasmuch as such relates, not to any Color of Title Act claim, but rather, to the relevant issue of the parties' conduct in relation to the disputed property.  Accordingly, the Court GRANTS Plaintiff's Motion.

*G. Government's Motion to Exclude Dunn Defendant's Exhibits B-J, L-S*

Plaintiff moves to exclude the Dunn Defendants' Exhibits B-J and L, N-S, arguing that they are irrelevant and violate the parol evidence rule. Plaintiff also moves to exclude Exhibits E and F as inadmissible hearsay, and Exhibit M under the best evidence rule.

As a preliminary matter, the Court rejects Plaintiff's arguments under the parol evidence rule, upon grounds of relevance, and the best evidence rule, for the same reasons, among others, as those set forth in more detail above.

Plaintiff argues that Exhibit E, a 1988 letter from an attorney to the Bureau of Reclamation purporting to contain the representations of an attorney for the Department of the Interior is triple hearsay and irrelevant. Plaintiff also argues that Exhibit F, purporting to contain the representations of an attorney for the Department of the Interior, is double hearsay.

Defendants assert that Exhibits E and F are not offered for the truth of the statements contained in them, "but, rather, as evidence of what the government knew regarding defendants' position before and after [a 1977 meeting discussed therein]."

Defendants' Exhibit F is identical to the Jacobsen Defendants' Exhibit VV, which the Court has already addressed. Moreover, because Defendant emphasizes that the records comprising Exhibits E and F were produced by Plaintiff as part of its record of the property, and that Defendants' seek only to show what the government knew regarding defendants' position, the Court will allow Exhibits E and F as non-hearsay. Accordingly, Plaintiff's Motion is DENIED.

DATED   April 20, 2007.

                                              BY THE COURT:

                                              _____
                                              TED STEWART
                                              United States District Judge