IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRUCE LEE DUNN, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR ENTRY OF JUDGMENT<br><br><br><br>Case No. 2:99-CV-145 TS |

This matter came before the Court for a two-day bench trial on April 23-24, 2007.  The Court issued its Findings of Fact and Conclusions of Law on July 16, 2007.[1]  The parties filed a stipulated Motion to Amend the Court's Findings of Fact and Conclusions of Law,[2] which was granted by the Court, pursuant to Fed.R.Civ.P. 60(a), on August 24, 2007.[3]  Defendants then filed a Joint Motion for Entry of Judgment on September 12, 2007.[4]  Plaintiff filed a Notice of

---

[1] Docket No. 220.

[2] Docket No. 221.

[3] Docket No. 223.

[4] Docket No. 224.

Appeal that same day.⁵  Defendants filed a Notice of Cross Appeal on September 20, 2007.⁶  This matter is before the Court on Defendants' Motion for Entry of Judgment.  For the reasons discussed below, the Court will deny the Motion.

Fed.R.Civ.P. 52(a) provides that "[i]n all actions tried upon the facts without a jury . . . the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58. . . ."  Fed.R.Civ.P. 58(a)(1) provides that "[e]very judgment and amended judgment must be set forth on a separate document . . . ."  The Court did not enter a judgment here in accordance with Rule 58(a)(1).  Thus, under ordinary circumstances, Defendants' Motion would be granted.  This case is complicated, however, by the filing of a Notice of Appeal by both parties.

The filing of a notice of appeal generally divests the district court of jurisdiction over the issues on appeal.⁷  Fed.R.App.P. 4(a)(1)(B) provides that "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."  A judgment or order is entered for purposes of Rule 4(a) if: (1) Federal Rule of Civil Procedure 58(a)(1) requires a separate document; (2) the judgment or order is entered in the civil docket under Federal Rule of Civil Procedure 79(a); and (3) 150 days have run from entry of the judgment or order.⁸  However, "[a] failure to set forth a

---

⁵Docket No. 226.

⁶Docket No. 230.

⁷*Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998).

⁸Fed.R.App.P. 4(a)(7)(A)(ii).  *See also* Fed.R.Civ.P. 58(b)(2)(B) (stating that judgment is entered when the document is entered on the docket and when 150 days have run from entry in the docket).

judgment or order on a separate document when required by Federal Rule of Civil Procedure 58(a)(1) does not affect the validity of an appeal from that judgment or order."[9] Further, under Fed.R.App.P. 4(a)(2) "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."

Here, because Fed.R.Civ.P. 58(a)(1) requires a separate document for the judgment and no such document was entered, judgment is considered entered 150 days after the Court's Findings of Fact and Conclusions of Law were entered on the docket.[10] While it may have been better for the Court to set forth judgment on a separate document, failure to do so does not affect the validity of appeal under Fed.R.App.P. 4(a)(7)(B). Further, pursuant to Fed.R.App.P. 4(a)(2), a notice of appeal may be filed before entry of judgment. Thus, failure to enter a judgment by a separate document should not impact the appeal in this case. The Court believes, however, that the filing of the Notice of Appeal deprives this Court of jurisdiction to enter a separate document setting forth judgment at this time. As a result, the Court will deny Defendants' Motion.

It is therefore

ORDERED that Defendants' Motion for Entry of Judgment (Docket No. 224) is DENIED. It is further

ORDERED that the hearing scheduled for October 29, 2007, is VACATED.

---

[9]Fed.R.App.P. 4(a)(7)(B).

[10]*See* Fed.R.App.4(a)(7)(A)(ii).

DATED   October 23, 2007.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge